**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| STEVEN M. SITLER, | : No. 160 MAL 2024 |
| | : |
| Petitioner | : |
| | : Petition for Allowance of Appeal |
| | : from the Order of the Superior Court |
| v. | : |
| | : |
| | : |
| ALEXAS JONES, | : |
| | : |
| Respondent | : |

## ORDER

**PER CURIAM**

    **AND NOW**, this 21st day of May, 2024, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by Petitioner are:

(1) In a published opinion, whether the Superior Court erred in affirming the trial court's dismissal of [ ] Petitioner's complaint to establish paternity and for genetic testing because the legal theory of presumption of paternity has outlived its usefulness in light of contemporary standards and because the public policy behind the presumption of paternity – the Commonwealth's interest in protecting family unity – does not outweigh the child and alleged biological parent's rights and interests?

(2) If the presumption of paternity is no longer a valid legal theory, whether the Superior Court erred in not addressing whether the trial court correctly dismissed the Petitioner's complaint to establish paternity and for genetic testing on the basis of the legal theory of paternity by estoppel when [Wife] admitted that [ ] Petitioner was the biological father, [Wife] prohibited and prevented [ ] Petitioner from having any role in the child's life, and [ ] Petitioner filed for custody just eight (8) days after [Child's] birth?